IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL C. KUSHNER,<br><br>    Plaintiff,<br><br> -vs-<br><br>NANCY A. BERRYHILL,[1]<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 17-329 |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 12) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 10).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his application alleging he had been disabled since August 1, 2003. (ECF No. 8-7, p. 5). Administrative Law Judge ("ALJ"), David F. Brash, a hearing on July 10, 2015. (ECF No. 8-3). On August 31, 2015, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 14-22).

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting al administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.      Severe Impairment - Headaches

At step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe. 20 C.F.R. §§416.920(a), 404.1520(a). When an ALJ finds that a plaintiff suffers from even one severe impairment, the failure to find other impairments severe is not harmful to the integrity of the analysis because the plaintiff is not denied benefits at that stage and the ALJ continues with the analysis. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). In this case, the ALJ did not find Plaintiff's alleged

3

headaches to be severe: "[t]he claimant's headaches were considered as part of Cervical Degenerative Disc Disease." (ECF No. 8-2, p. 17). The ALJ, however, did find other impairments to be severe, including Plaintiff's cervical degenerative disc disease. (ECF No. 8-2, pp. 16-17). Therefore, Plaintiff was not denied benefits at step 2 and the ALJ proceeded beyond step 2 to determine Plaintiff's residual functional capacity ("RFC"). (ECF No. 8-2, pp. 17-22).

Plaintiff argues that the ALJ erred in failing to consider Plaintiff's headaches as a non-exertional impairment instead of a mental impairment because he failed to "sight (sic) any specific evidence of record or medical finding to support his conclusion." (ECF No. 11, pp. 4-5). To that end, Plaintiff suggests that ALJ should have called a medical expert to make this conclusion.[2] (ECF No. 11, p. 4). After a review of the record, I disagree. While it is true that the ALJ's opinion does not cite to any evidence at the end of that sentence, his opinion must be read in its entirety. It is evident, that the ALJ made this statement based on the allegation that Plaintiff's disability is based on a "cervical injury" that resulted in, *inter alia,* neck pain and headaches. (ECF No. 8-2, pp. 16-20; No. 8-8, p. 3; No. 8-3, p. 15). The cervical degenerative disc disease diagnosis was part of his treating physician's records and discussed by the ALJ during his residual functional capacity ("RFC")[3] discussion. (ECF No. 8-2, pp. 17-20). Plaintiff points to no evidence of

---

[2]Plaintiff cites to SSR 83-20 to support his proposition that the ALJ should have obtained a medical expert to make his assertion because the headaches could have been the beginning stages of the development of both the blurred vision and schizophrenia psychosis that were diagnosed after the date last insured. (ECF No. 11, pp. 4-5). Plaintiff's reliance on SSR 83-20 is misplaced. SSR 83-20 is relevant to determine an onset date and provides that a medical advisor is necessary when the onset date must be inferred. Such is not the case here. In this case, Plaintiff's own testimony and the records of his treating physician established the onset date. (ECF No. 8-3, pp. 12, 15; No. 8-19, p. 13; No. 8-18, p. 9). The ALJ had adequate records to determine the same. Consequently, I find SSR 83-20 does not support Plaintiff's position.

[3]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

record to suggest otherwise. *See,* ECF No. 11. As a result, I find that I am able to make a meaningful review and the ALJ did not err in this regard.

      **C.**     **Residual Functional Capacity**

Related to the prior argument, Plaintiff asserts the ALJ failed to properly account for his headaches as a non-exertional impairment when determining his RFC.[4] (ECF No. 11, pp. 5-6). As set forth above, the ALJ properly considered Plaintiff's headaches. Furthermore, I find there is substantial evidence to support the ALJ's RFC determination. (ECF No. 8-2, pp. 14-22). Therefore, I find remand is not warranted on this basis.

An appropriate order shall follow.

---

[4]The ALJ found that Plaintiff has the RFC to perform light work but with certain limitations. (ECF No. 8-2, pp. 17-20).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL C. KUSHNER,                      )
                                        )
        Plaintiff,                  )
                                        )
  -vs-                                  )     Civil Action No.   17-329
                                        )
NANCY A. BERRYHILL,[5]                  )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
        Defendant.                  )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND now, this 30th day of April, 2018, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                            BY THE COURT:

                            s/   Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.